McGREGOR W. SCOTT
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRENT MEDEARIS,<br><br>　　　　Defendant and Judgment Debtor,<br><br>CUSTOM PAYROLL SERVICES<br>(and its Successors and Assignees),<br><br>　　　　Garnishee. | CASE NO.:  2:11-CR-00504-WBS<br><br>**STIPULATION FOR FINAL ORDER OF CONTINUING WAGE GARNISHMENT; AND ORDER** |

　　　　The United States and defendant, Brent Medearis, (the Parties), have reached an agreement concerning the continuing garnishment of Brent Medearis's (Medearis) wages to satisfy, in part, his unpaid judgment. The Parties' Stipulation for Final Order of Wage Garnishment (the Stipulation) memorializes their agreement and is based on the following grounds:

　　　　l.　　　　The Court sentenced Medearis on September 29, 2014 in the case referenced above. ECF No. 189. Following its order approving the Parties' stipulation re restitution (ECF No. 206), the Court entered an Amended Judgment ordering Medearis to pay a $100 special assessment and $193,500.00 in restitution. ECF No. 210, at 5. The Court did not waive interest on the restitution amount. *Id*. Interest

1 accrues on the restitution at the rate of $0.140% or $.63 per day.  Medearis's restitution balance as of
2 September 18, 2020, is $166,538.35 (the Restitution Balance).

3      2.     Medearis is an employee of garnishee, Custom Payroll Services (Custom Payroll),
4 located at 190 Highland Drive, Medina, Ohio 44256.  As garnishee, Custom Payroll has in its
5 possession, custody or control, earnings, wages, commissions, bonuses, and compensation (Wages) it
6 pays to Medearis.

7      3.     The United States is statutorily authorized to collect the Restitution Balance using civil
8 enforcement remedies available under Federal and State law.  18 U.S.C. §§ 3613(a) and (f).  The Federal
9 Debt Collection Procedures Act is the federal statutory scheme by which the United States enforces pre-
10 and post-judgment debts.  28 U.S.C. §§ 3001 – 3308 (the FDCPA).

11      4.     The FDCPA authorizes the use of wage garnishments to recover debts owed to the United
12 States.  28 U.S.C. § 3205(a) ("including nonexempt disposable earnings").  The Parties agree that the
13 amount of Wages subject to garnishment is limited to twenty-five per cent (25%) of Medearis's
14 disposable Wages.  15 U.S.C. § 1673(a)(1), *see also* 28 U.S.C. § 3003(c)(4) (the FDCPA does not
15 "modify the operation of (15 U.S.C. § 1673)").

16      5.     Medearis acknowledges and understands that the FDCPA affords him, as a debtor, certain
17 rights in a garnishment proceeding.  He waives these rights, including, service of the writ of garnishment
18 pursuant to 28 U.S.C. § 3205(c)(3), notice of, and the right to claim exemptions, to request a hearing as
19 provided in 28 U.S.C. §§ 3202 and 3205(c)(5), and to any other process to which he may be entitled
20 under the FDCPA.

21      6.     In order to make regular payments on the Restitution Balance, Medearis agrees to the
22 garnishment of his Wages that are now, and in the future will be owed to him from his employment at
23 Custom Payroll.  Specifically, the Parties agree to the following garnishment schedule and percentages:

24      A.     Beginning on October 15, 2020, and continuing until the 15th of December 2020, Custom
25 Payroll shall garnish from each of Medearis's paychecks 20% of his nonexempt disposable Wages and
26 promptly pay this amount to the Clerk of the Court; and

27 ///

28 ///

STIPULATION RE
CONTINUING WAGE GARNISHMENT     2

B. On December 16, 2020, and continuing thereafter, Custom Payroll shall garnish from each of Medearis's paychecks 25% of his nonexempt disposable Wages and promptly pay this amount to the Clerk of the Court.

7. Custom Payroll will make its payments to the Clerk of the Court as set forth in the order accompanying this Stipulation. It will continue making its Wage garnishment payments until the earlier of Medearis's full payment of the Restitution Balance, termination of his employment at Custom Payroll, or further court order.

8. The Stipulation does not foreclose the United States from pursuing separate efforts to collect the Restitution Balance.

9. Medearis warrants that he has had the opportunity to consult with counsel regarding this Stipulation.

FOR THE UNITED STATES:

Dated: September 24, 2020

McGREGOR W. SCOTT
United States Attorney

By: */s/ Kurt A. Didier*
KURT A. DIDIER
Assistant United States Attorney

FOR THE DEFENDANT AND JUDGMENT DEBTOR:

Dated: September 25, 2020

/s/*Brent Medearis*
BRENT MEDEARIS

STIPULATION RE
CONTINUING WAGE GARNISHMENT                3

**O R D E R**

The Court, having reviewed the court files and the Parties' Stipulation for Final Order of Wage Garnishment (the Stipulation), and good cause appearing therefrom, hereby APPROVES the Stipulation. Accordingly, the Court ORDERS as follows:

1. The non-exempt disposable earnings, wages, commissions, bonuses, and compensation (Wages) garnishee Custom Payroll Services (Custom Payroll) pays defendant Brent Medearis (Medearis) are GARNISHED.

2. Custom Payroll shall GARNISH Medearis's nonexempt disposable Wages and PAY to the Clerk of the Court the garnished Wages according to the following schedule and percentages:

    A. Beginning on October 15, 2020, and continuing until the 15th of December 2020, Custom Payroll shall garnish from each of Medearis's paychecks 20% of his nonexempt disposable Wages and promptly pay this amount to the Clerk of the Court; and

    B. On December 16, 2020, and continuing thereafter, Custom Payroll shall garnish from each of Medearis's paychecks 25% of his nonexempt disposable Wages and promptly pay this amount to the Clerk of the Court.

3. Custom Payroll shall CONTINUE making its Wage garnishment payments until the earlier of Medearis's full payment of his restitution balance, termination of his employment at Custom Payroll, or further order of this Court.

4. Custom Payroll shall MAKE its garnishment payments payable to the **Clerk of the Court** and DELIVER the payments to the Clerk of the Court, United States District Court, 501 I Street, Suite 4-200, Sacramento, CA 95814.  Custom Payroll shall state the docket number on the payment instrument (U.S. v. Medearis, Case No. 2:11-CR-00504-WBS) and, if it desires a payment receipt, shall include a self-addressed envelope with its payment.

5. Custom Payroll shall NOTIFY Grace Nelson of the United States Attorney's Office, Eastern District of California, Financial Litigation Unit, 2500 Tulare Street, Suite 4401, Fresno, CA 93721 (telephone 559.497.4030) if the amount of Medearis's Wages changes or his employment ceases. Custom Payroll shall make its notification to the United States within 30 days of such a change.

6. This Order does NOT foreclose the United States from pursuing separate efforts to

ORDER

1

1 | collect the restitution balance from Medearis.

2 |     7.    The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the
3 | case, if necessary.

4 |     IT IS SO ORDERED.

6 | Dated:  September 29, 2020

    WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE