McGREGOR W. SCOTT
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:  2:11-CR-00504-WBS |
| Plaintiff, | |
| v. | **STIPULATION FOR FINAL ORDER OF WRIT OF EXECUTION; AND ORDER** |
| BRENT MEDEARIS, | |
| Defendant and Judgment Debtor, | |

The United States and defendant, Brent Medearis, (the Parties), have reached an agreement concerning Brent Medearis's (Medearis) surrender of his 1967 Chevrolet Camaro to the United States Marshal's Service (the USMS) via a writ of execution to satisfy, in part, his unpaid judgment.  The Parties' Stipulation for Final Order of Writ of Execution (the Stipulation) memorializes their agreement and is based on the following grounds:

l.      The Court sentenced Medearis on September 29, 2014, in the case referenced above.  ECF No. 189.  Following its order approving the Parties' stipulation regarding restitution (ECF No. 206), the Court entered an Amended Judgment ordering Medearis to pay a $100 special assessment and $193,500.00 in restitution.  ECF No. 210, at 5.  The Court did not waive interest on the restitution amount.  *Id*.  Interest accrues on the restitution at the rate of $0.140% or $.63 per day.  Medearis's restitution balance as of October 14, 2020, is $166,555.40 (the Restitution Balance).

///

2.      Medearis owns a 1967 Chevrolet Camaro RS, VIN: 123JKL1258GHJN.  He is the sole owner of the vehicle, along with its various spare parts and accessories, free and clear of any liens or encumbrances (the Camaro).  The Camaro is presently garaged at the residence located at 4936 Brooklyn Court in Modesto, California 95357.  Medearis does not reside at this location, but controls access to the residence, its garage, and the Camaro.

3.      The United States is statutorily authorized to collect the Restitution Balance using civil enforcement remedies available under Federal and State law.  18 U.S.C. §§ 3613(a) and (f).  The Federal Debt Collection Procedures Act is the federal statutory scheme by which the United States enforces pre- and post-judgment debts.  28 U.S.C. §§ 3001 – 3308 (the FDCPA).

4.      The FDCPA authorizes the use of writs of execution to levy against a debtor's real and personal property to recover a debt or judgment owed to the United States.  28 U.S.C. §§ 3202(a) and 3203(g).  The property subject to execution is the amount of the debtor's "substantial nonexempt interest" in the property.  28 U.S.C. § 3203(a).  Absent a stipulation, levying a writ of execution on personal property requires a USMS deputy to: serve the writ and a notice of levy on the debtor; and take possession of the personal property.  28 U.S.C. §§ 3203(d) and 3102(d).  Section 3202 of the FDCPA affords debtors, such as Medearis, certain rights in an execution proceeding.

5.      In order to reduce the Restitution Balance, Medearis agrees to voluntarily surrender the Camaro as set forth more specifically below.  He acknowledges, understands and waives his FDCPA rights in this Stipulation, including, the right to notice and service of the writ of execution pursuant to 28 U.S.C. §§ 3202(b – c) and 3203(c), the right to claim exemptions and request a hearing as provided in 28 U.S.C. §§ 3202(d), and to any other process to which he may be entitled under the FDCPA.

6.      Medearis agrees to voluntarily surrender the Camaro, its keys, spare parts and accessories, and his title thereto to the United States not later than 60 days from the date the signed order approving this Stipulation is filed (the Camaro Surrender Date).  Prior to the Camaro Surrender Date, Medearis may market and sell the Camaro using his own efforts provided he does not do anything to the Camaro that diminishes its marketability or value.  Further, Medearis may neither move the Camaro from its present location nor sell it without the United States' prior written approval.

///

7.     Following expiration of the Camaro Surrender Date, Medearis agrees the United States may take possession of the Camaro, along with its keys, spare parts and accessories, and the title thereto from the residence where it is currently garaged.  The United States, the USMS, or a contractor acting on their behalf (the United States), may enter the premises at 4936 Brooklyn Court in Modesto, California 95357 (the Brooklyn Court Property) and remove the Camaro.  Medearis agrees to facilitate the Camaro's removal by removing any items in, on top of, or surrounding the Camaro prior to the United States' arrival.

8.     Medearis agrees that, if he fails to voluntarily surrender the Camaro as set forth above, the USMS may use reasonable force to enter the Brooklyn Court Property and take possession of the Camaro, along with its keys, spare parts and accessories, and the title thereto.  28 U.S.C. §§ 3203(d)(1) and 3102(d)(4).  Medearis further agrees that the USMS may contract with vendors to appraise, auction, sell, store, or otherwise dispose of the Camaro and its spare parts and accessories.  He waives notice of any public sale of the Camaro and acknowledges the United States' right to sell the Camaro at such time and in such manner that will maximize the Camaro's sale's value.

9.     The Parties agree the United States may move the Camaro to another location to be stored, prepared for sale and then sold at auction or otherwise.

10.    If the United States is required to seize and sell the Camaro, it will prepare, file, and serve Medearis with a copy of a notice of the distribution of sales proceeds as specified in 28 U.S.C. § 3203(h)(1).

11.    Medearis agrees to the assessment of a ten percent litigation surcharge of the Restitution Balance if the USMS is required to seize and sell the Camaro.  28 U.S.C. § 3011(a).  The Restitution Balance is presently $166,555.40, meaning the surcharge amount is $16,655.54.

12.    The filing of the court order approving the Stipulation creates an execution lien in favor of the United States pursuant to 28 U.S.C. § 3203(b).

13.    The Stipulation does not foreclose the United States from pursuing separate efforts to collect the Restitution Balance.

///

///

STIPULATION RE
WAGE OF EXECUTION                    3

1    14.    Medearis warrants that he has had the opportunity to consult with counsel regarding this

2  Stipulation.

3  FOR THE UNITED STATES:

4

5  Dated: October 23, 2020                          McGREGOR W. SCOTT
                                                     United States Attorney
6

7                                         By:    */s/ Kurt A. Didier*
                                                 KURT A. DIDIER
8                                                Assistant United States Attorney

9

10  FOR THE DEFENDANT AND JUDGMENT DEBTOR:

11

12  Dated: October 23, 2020                By:    */s/ Brent Medearis (with written permission)*
                                                  BRENT MEDEARIS, in pro per
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE
WAGE OF EXECUTION                         4

# O R D E R

The Court, having reviewed the court files and the Parties' Stipulation for Final Order of Writ of Execution (the Stipulation), and good cause appearing therefrom, hereby APPROVES the Stipulation. Accordingly, the Court ORDERS as follows:

1.      A writ of execution is issued against defendant Brent Medearis's (Medearis) nonexempt interest in his 1967 Chevrolet Camaro RS, VIN: 123JKL1258GHJN, and its keys, spare parts and accessories (the Camaro).

2.      Medearis shall surrender the Camaro, along with his title thereto, to the United States, the United States Marshal's Service, or a contractor(s) acting on their behalf (the United States) not later than 60 days from the date the signed order approving this Stipulation is filed (the Camaro Surrender Date).  Prior to the Camaro Surrender Date, Medearis may market and sell the Camaro using his own efforts provided he does not do anything to the Camaro that diminishes its marketability or value. Medearis may not move the Camaro from its present location nor sell it without the United States' prior written approval.

3.      Following the expiration of the Camaro Surrender Date, the United States may enter the premises at 4936 Brooklyn Court in Modesto, California 95357 (the Brooklyn Court Property) and remove the Camaro.  The United States is authorized to use reasonable force, if necessary, to enter the Brooklyn Court Property and remove the Camaro.

4.      The United States may contract with third parties as needed to remove the Camaro, and thereafter to tow, inventory, appraise, store, prepare for sale and sell the Camaro either at auction or by some other commercially reasonable manner.

5.      In accordance with 28 U.S.C. § 3203(h)(1), the United States shall deduct its costs, fees, and expenses from the Camaro's sale proceeds and thereafter deliver the net proceeds to the Clerk of Court for payment against Medearis's restitution balance.  The United States shall serve Medearis with a copy of the distribution of sales proceeds within 30 days following its delivery of the net proceeds to the Clerk of Court.

6.      The United States is entitled to the ten percent (10%) litigation surcharge authorized by 28 U.S.C. § 3011(a) if Medearis fails to voluntarily surrender the Camaro as required by the Parties'

Stipulation.  The surcharge amounts to $16,655.54, representing 10% of Medearis's restitution balance, and shall be paid to the United States Department of Justice if there are adequate net proceeds from the sale of the Camaro in this action, and if not, from a future enforcement action against Medearis to recover his unpaid restitution.

       7.    The filing of the court order approving the Stipulation created an execution lien in favor of the United States pursuant to 28 U.S.C. § 3203(b).

       8.    This Order does not foreclose the United States from pursuing separate efforts to collect Medearis's restitution balance.

       9.    The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

       IT IS SO ORDERED.

Dated:  October 23, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

ORDER

2